# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DARRELL D. CAGE,**

    Plaintiff,

    -vs-                                                                            Case No. 14-CV-633

**WARDEN PAUL KEMPER, et al.,**

    Defendants.

## DECISION AND ORDER

This case is before the Court on the defendants' motion to strike the plaintiff's cross-motion for summary judgment. (ECF No. 48.)

On October 7, 2014, the Court entered a scheduling order requiring the parties to file dispositive motions, together with briefs, no later than February 6, 2015. (ECF No. 15.) Consistent with this order, the defendants filed their motion for summary judgment and supporting materials on February 6, 2015. (ECF No. 22.) Although the plaintiff requested that the Court give him additional time to respond to the defendants' motion for summary judgment, he never requested that he be given additional time to file his own motion for summary judgment.

On June 12, 2015, the Court granted the plaintiff's request for additional time to respond to the defendants' motion for summary judgment and gave him until July 10, 2015, to do so. (ECF No. 48.) The

Court also ordered the defendants to reply to any such response by July 27, 2015. The original February 6, 2015 dispositive motion deadline had long since passed, so the Court did *not* invite the plaintiff to submit his own dispositive motion.

On July 10, 2015 (more than five months after the original deadline), the plaintiff (without permission from the Court) filed a cross-motion for summary judgment. (ECF No. 41.) The defendants have asked the Court to strike the motion because it is untimely.

Time limits enable a court to manage its docket, which is a vital need in a crowded justice system. The Court advised the plaintiff of the dispositive motion deadline four months in advance of the deadline, and it had every right to assume that the deadline would be honored. The plaintiff filed his cross-motion for summary judgment more than 150 days after the deadline. He is too late.

As noted by the Seventh Circuit, "We live in a world of deadlines. If we're late for the start of the game or the movie, or late for the departure of the plane or the train, things go forward without us. The practice of law is no exception." *Spears v. City of* Indianapolis, 74 F.3d 153, 157 (7th Cir. 1996). The Court will grant the defendants' motion.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the defendants' motion to strike the plaintiff's motion for summary judgment (ECF No. 48) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's cross motion for summary judgment and supporting materials (ECF Nos. 41-46) are **STRICKEN**.

Dated at Milwaukee, Wisconsin, this 31st day of July, 2015.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**