# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DARRELL D. CAGE,**

    Plaintiff,

    -vs-                                     Case No. 14-CV-633

**WARDEN PAUL KEMPER, et al.,**

    Defendants.

## DECISION AND ORDER

This case is before the Court on the plaintiff's motion asking the Court to reconsider its decision to strike the plaintiff's cross-motion for summary judgment. (ECF No. 51.)

The Court struck the plaintiff's summary judgment motion because: (1) the scheduling order entered by this Court remained in full force and required that the parties file dispositive motions by February 6, 2015; (2) the plaintiff filed his summary judgment motion on July 10, 2015, more than 150 days after the deadline; and (3) while the plaintiff had requested an extension of time to respond to the defendants' summary judgment motion (which the Court granted), he never requested an extension of time to file his own summary judgment motion.

On August 10, 2015, the plaintiff asked the court to reconsider its decision. The plaintiff argues that, according to Federal Rule of Civil

Procedure 56, he was *unable* to file a summary judgment motion until thirty days after the close of discovery, and, because there were pending motions after the scheduled close of discovery, his thirty-day clock for filing his summary judgment motion did not start running until June 12, 2015, when all the discovery motions were resolved. The plaintiff suggests that he timely filed his summary judgment motion on July 10, 2015.

The plaintiff's arguments are unavailing. Rule 56(b) says, "Unless a different time is set by local rule *or the court orders otherwise*, a party *may* file a motion for summary judgment *at any time* until 30 days after the close of all discovery." (emphasis added). The rule does not, as the plaintiff suggests, prevent a party from filing a dispositive motion until discovery is done and complete, and, more importantly, the rule allows the Court to set deadlines of its choosing.

In this case, the Court set a deadline of February 6, 2015. At no point did the plaintiff ask the Court to revise this deadline. By the time the plaintiff filed his summary judgment motion on July 10, 2015, the deadline had long since passed. Given the Court's need to manage its docket and to keep this case (which has been pending for more than a year) moving, it will continue to require that the deadlines it sets be honored.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's motion for reconsideration is **DENIED**.

Dated at Milwaukee, Wisconsin, this 19th day of August, 2015.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**